**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CYTOLOGIC, INC. | ) | Case No. 18-15894-EEB |
| | ) | Chapter 7 |
| Debtor. | ) | |

_____

**TRUSTEE'S MOTION TO APPROVE ASSET PURCHASE AGREEMENT AND SALE OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §§ 363(b) AND (f)**
_____

David V. Wadsworth, chapter 7 trustee herein ("Trustee"), for his Motion to Approve Asset Purchase Agreement and Sell Property of the Estate Pursuant to 11 U.S.C. §§ 363(b) and (f), hereby states as follows:

1. The Debtor filed for relief under chapter 7 of the Bankruptcy Code on July 5, 2018.

2. The Trustee is the duly appointed trustee of the Debtor's bankruptcy estate (the "Estate").

3. Pre-petition, the Debtor engaged in the development of intellectual property relating to medical device technology, and its principal assets include intellectual property, office furniture and equipment, and the cytologic.com domain name (the "Assets").

4. The Debtor's intellectual property consists primarily of patents that, based upon the representations of Debtor's former officers, have limited time remaining and have been stuck in the earliest state of development, facing years and tens of millions of dollars in costs to commercialize. In addition, there are near-term legal expenses required to maintain the validity of such patents and the estate has no funds with which to pay these expenses.

5. The Trustee, as seller, has entered into an Asset Purchase Agreement ("Agreement") with Thompson Oncology Devices, LLC ("Buyer"), to sell the Assets for the sale price of $8,000.00. A copy of the Agreement is attached hereto as <u>Exhibit A</u>.

6. The Buyer is comprised of several of the Debtor's insiders, who are already familiar with the technology and have invested significant time and resources into the Debtor over a number of years. For this reason, they are willing to pay for the Assets in order to have the opportunity to raise the funds necessary to capitalize on the technology.

7. The Trustee seeks authority to sell the Assets to Buyer pursuant to 11 U.S.C. §§ 363(b) and (f). Under 11 U.S.C. § 363(b), the Trustee may sell property of the estate outside of the ordinary course of business after notice and a hearing. The standard employed in determining whether a motion to approve the sale of assets should be granted is the "business judgment rule." *See In re Castre, Inc.*, 312 B.R. 426, 428 (Bankr.D.Colo. 2004) (following *In re Lionel Corp.*, 722

F.2d 1063 (2nd Cir. 1983)).  Under the business judgment rule, the Court must find that the Trustee exercised sound business judgment for the terms of the proposed sale.

8. The proposed sale should be approved in this case.  There is no improper or bad motive in entering the Agreement.  The Trustee and Buyer negotiated the Agreement in good faith and at arm's length and the Trustee believes the purchase price is a fair price for the Assets primarily because the Estate has no ability to maintain the patents, and therefore value, going forward.

9. Under 11 U.S.C. § 363(f), the Trustee may sell property of the estate free and clear of any interest in such property of an entity other than the estate if one or more of following criteria are met: (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

10. The Assets are not subject to any liens.  Sale pursuant to § 363(f) is therefore appropriate.

11. For all of the foregoing reasons, the Trustee asserts that the proposed sale free and clear of liens, claims and interests is proper under 11 U.S.C. §§ 363(b) and (f) and should be approved by the Bankruptcy Court.

WHEREFORE, the Trustee requests that the Court enter an order in the form attached hereto approving the Agreement and authorizing the sale of the Assets pursuant to 11 U.S.C. §§ 363(b) and (f), and grant such other and further relief as deemed proper.

DATED this 11th day of October, 2018.

Respectfully submitted,

*/s/ David V. Wadsworth*
David V. Wadsworth, Trustee, #32066
2580 West Main Street, Suite 200
Denver, Colorado 80120
303-296-1999 / 303-296-7600 FAX
dwadsworth@wwc-legal.com
Chapter 7 Trustee